**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERONICA NEGRETE,<br><br>        Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant.<br>_____ / | CASE NO. CV-F-06-1688-LJO-SMS<br><br>**ORDER TO SET STATUS CONFERENCE** |

The parties in this action filed a stipulation to vacate the trial date and to schedule a further scheduling conference. The jury trial is scheduled to begin in this Court on December 8, 2008 and the pre-trial conference is scheduled on October 28, 2008. While this Court generally does not continue firm trial dates, the Court finds good cause to do so in the instant action. For the reasons described below, the Court vacates the December 8, 2008 trial date and sets a scheduling conference.

### **Background**

This is a medical malpractice action. Plaintiff Veronica Negrete ("Plaintiff") alleges that while she was being treated for a urinary tract infection at a federally-funded clinic, defendants injected her with Rocephin at or near her sciatic nerve. Since the injection, Plaintiff allegedly has experienced many symptoms, including continual pain, discomfort, lack of sensation, coldness, tingling, radiating pain, and numbness of her left leg. She is unable to work and her daily activities have been disrupted substantially.

On July 22, 2008, the parties stipulated to "modify the litigation schedule." Specifically, the parties averred that "examinations that ocurred late in the fact discovery period revealed issues requiring further evaluation by medical professionals." This Court signed that stipulation and proposed order on July 24, 2008, extending the expert cutoff date from July 25, 2008 to August 29, 2008.

**Good Cause**

During expert discovery, and through informal conversations with plaintiff's and defendant's experts, it has been determined (apparently by both parties) that the proper course of future medical care for plaintiff cannot be determined until plaintiff has undergone some psychological counseling. The defense expert opined that psychiatric care, including medication and psychological counseling, would be necessary before future medical care (if necessary after the counseling) can be performed on plaintiff. Plaintiff's experts agree that psychological issues should be addressed before surgery on plaintiff is indicated.

Both plaintiff's and defendant's experts agree that plaintiff will need to undergo at least 12 weeks of therapy "in order to understand the extent of her injuries." If surgery is indicated, plaintiff's medical special damages will total over $500,000. If the psychological treatment alleviates some of plainitff's symptoms, the surgery will not be indicated and plaintiff's future medical sepecial damages will be less.

Until psychological testing was done in August 2008, the need for psychological counseling prior to surgery had not been addressed.

**Conclusion**

For these reasons, this Court:

1. VACATES the December 8, 2008 trial date; and
2. SETS a scheduling conference for **Tuesday, December 9, 2008 at 8:15 a.m.** in Courtroom 4 (LJO). At the conference, the parties shall be prepared to discuss the progress of Plaintiff's psychological counseling and shall propose new dates for a pre-trial conference and trial. The parties shall file a joint scheduling report no later than 7 days prior to the conference. The parties may appear telephonically to the conference by arranging a one-line call and calling (559) 499-5680.

IT IS SO ORDERED.

**Dated:   October 16, 2008**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE