IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA NEGRETE, | CASE NO. CV-F-06-1688-LJO-SMS |
| Plaintiff, | **ORDER TO CONTINUE STATUS CONFERENCE** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| _____/ | |

**Background**

This is a medical malpractice action. Plaintiff Veronica Negrete ("Plaintiff") alleges that while she was being treated for a urinary tract infection at a federally-funded clinic, she was injected with Rocephin at or near her sciatic nerve. Since the injection, Plaintiff allegedly has experienced many symptoms, including continual pain, discomfort, lack of sensation, coldness, tingling, radiating pain, and numbness of her left leg. She is unable to work and her daily activities have been disrupted substantially.

During expert discovery, and through informal conversations with Plaintiff's and Defendant's experts, the parties determined that Plaintiff must undergone some psychological counseling to determine the proper course of future medical care. Both Plaintiff's and Defendant's experts agree that Plaintiff will need to undergo at least 12 weeks of therapy "in order to understand the extent of her

injuries." If surgery is indicated, Plaintiff's medical special damages will total over $500,000. If the psychological treatment alleviates some of Plaintiff's symptoms, the surgery will not be indicated and Plaintiff's future medical special damages will be less.

On October 16, 2008, this Court vacated the December 8, 2008 trial date to allow Plaintiff to undergo the required therapy. The Court set a status conference for December 9, 2008 and directed the parties to be prepared to discuss the progress of Plaintiff's psychological counseling and to propose new dates for a pre-trial conference and trial.

**Status**

In advance of the status conference, each party filed a status report.

Plaintiff reports the following: Plaintiff's counsel has had difficulty finding a Spanish-speaking therapist willing to treat Plaintiff, who lives in Woodlake, California. Numerous therapists have been unwilling to treat Plaintiff. Plaintiff's counsel has 3 more names of therapists in Tulare County and is optimistic that one of the three therapists will be willing to treat Plaintiff beginning this month. Therefore, Plaintiff asks the Court to continue the status conference to March 2009. After the therapy is complete, "a few expert depositions remain." Plaintiff estimates that he will be ready for trial "hopefully" by May 2009.

Defendant reports the following: Defendant does not object to moving the status conference, recognizes the need for the therapy and is willing to work with Plaintiff. Defendant thinks that a May 2009 trial date is unrealistic, since Plaintiff still needs to undergo 12 weeks of therapy and the parties need to complete expert discovery.

**Conclusion and Order**

Based on the status reports, the Court finds that the parties are not ready for trial and unable to set a realistic trial date. **Accordingly, this Court CONTINUES the December 9, 2008 status conference to March 24, 2009 at 8:15 a.m.** At that conference, the Court **will** re-set the pre-trial conference date and a firm trial date. At the March 24, 2008 status conference, the parties shall be prepared to discuss the progress of Plaintiff's psychological counseling, provide the Court with a

1 detailed expert discovery plan, and propose new dates for a pre-trial conference and trial.  The parties
2 shall file a joint status report seven (7) days before the status conference.  The parties may appear at the
3 status conference telephonically by arranging a one-line call and dialing (559) 499-5680.

6 IT IS SO ORDERED.

7 **Dated:     December 4, 2008**               /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE